**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kayoya Issa, | No. CV-19-04579-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On June 26, 2019, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) While the Petition was pending, Petitioner also filed a motion for leave to expand the record ("Motion to Expand"). (Doc. 15.) On February 28, 2020, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding that the Petition should be denied and dismissed with prejudice and that the Motion to Expand should be denied. (Doc. 17.) Afterward, Petitioner filed objections to the R&R (Doc. 18) and Respondents filed a response (Doc. 24).

Since the R&R was issued, Petitioner has filed four additional motions: (1) a "Motion to Remand" (Doc. 19), which Respondents oppose (Doc. 23); (2) a "Motion for Rule 60(b) Redeemed and Release" (Doc. 25); (3) a "Motion for Clarification Status" (Doc. 26); and (4) a filing entitled "Oppose the Motion," which the Clerk of Court has docketed as a motion for an evidentiary hearing (Doc. 28).

For the following reasons, the Court will overrule Petitioner's objections to the R&R, deny his remaining motions, and terminate this action.

I. The Petition

   A. **Background**

*Underlying Facts*. Phoenix police executed a traffic stop of a car that Petitioner was driving. (Doc. 17 at 2.) During the stop sequence, officers observed Petitioner lean toward the passenger side of the car several times. (*Id.*) When an officer asked Petitioner if there were any weapons in the car, he glanced toward the passenger side before saying no. (*Id.*) Officers later recovered a handgun that was beneath the front-passenger seat cushion. (*Id.*) After officers determined that Petitioner was a convicted felon, he was charged with being a prohibited possessor of a firearm. (*Id.*)

*Trial*. Petitioner's defense at trial was that he didn't know the gun was in the car, the gun belonged to his girlfriend, and his girlfriend had placed it under the seat (without telling Petitioner) in an attempt to keep it away from a child who was visiting her house. (*Id.*) The first trial resulted in a hung jury but Petitioner was convicted during a re-trial and sentenced to 4.5 years' imprisonment. (*Id.*)

*Direct Appeal*. Petitioner timely pursued a direct appeal of his conviction and sentence. (*Id.* at 2-3.) During his direct appeal, Petitioner raised only two issues: (1) the prosecutor engaged in misconduct during closing argument by misstating the concept of constructive possession, and (2) the trial court should have granted a mistrial based on the introduction of gang-related evidence. (*Id.*) In November 2017, the Arizona Court of Appeals affirmed. (*Id*. at 3.) Petitioner thereafter sought review in the Arizona Supreme Court, which denied relief. (*Id.*)

*PCR Proceedings*. In June 2018, Petitioner filed a notice of post-conviction relief ("PCR"). (*Id.*) In his PCR petition, Petitioner raised two claims of ineffective assistance of counsel ("IAC"): (1) an IAC claim against his trial counsel for failing to request a jury instruction on "mere presence," and (2) an IAC claim against his appellate counsel for failing to raise that issue on appeal. (*Id.*) In April 2019, the PCR court denied relief, and Petitioner did not seek further review of the dismissal. (*Id.*)

*The Petition*. In June 2019, Petitioner filed the Petition. (Doc. 1.) It raises three

grounds for relief. "In Ground One, Petitioner argues that a warrantless search of his girlfriend['s] car [was] a violation of due process" and that "he invoke[d] his right not to speak with police without an attorney present." (Doc. 17 at 8 & n.1, citations and internal quotation marks omitted.) "In Ground Two, Petitioner presents two connected arguments. He appears to allege that a police officer violated his *Miranda* rights and committed perjury regarding a search." (*Id.* at 9, citations and internal quotation marks omitted.) And "[i]n Ground Three, Petitioner presents three arguments. He alleges that during closing argument the prosecutor misinformed the jury about the law of constructive possession. Petitioner also argues trial counsel provided ineffective assistance by failing to request a mere presence jury instruction. Petitioner also presents a vague claim relating to perjury and *Brady v. Maryland*, 373 U.S. 83 (1963)." (*Id.* at 11, citations and internal quotation marks omitted.)

*The R&R.* The R&R was issued in February 2020. (Doc. 11.) First, the R&R concludes that the Fourth Amendment claim in Ground One, which pertains to the warrantless search of the car that led to the discovery of the firearm, "is not cognizable on habeas review" because Petitioner had an opportunity to raise it during the state-court proceedings. (*Id.* at 8-9.) Second, the R&R concludes that the *Miranda* claim (which appears in both Grounds One and Two) is procedurally defaulted because Petitioner did not raise it during the state-court proceedings, cannot show cause or prejudice to excuse the default, and has not presented reliable new evidence of actual innocence. (*Id.* at 9-11.) Third, the R&R concludes that the perjured-testimony claim in Count Two fails for the same reasons as the *Miranda* claim. (*Id.*) Fourth, the R&R concludes that the prosecutorial misconduct claim in Ground Three, although exhausted, fails on the merits because the Arizona Court of Appeals' basis for rejecting that claim during Petitioner's direct appeal—*i.e.,* the improper argument did not constitute fundamental error because Petitioner's defense theory focused on his alleged lack of knowledge of the gun, not his inability to access it, and the trial court properly instructed the jury on constructive possession—did not constitute an unreasonable application of clearly established federal law. (*Id.* at 11-

14.) Fifth, the R&R concludes that the IAC claim in Ground Three fails both due to a lack of exhaustion (Petitioner failed to seek review of his PCR claim in the Arizona Court of Appeals) and due to Petitioner's inability to show "cause" to overcome the default (Petitioner's defense at trial wasn't that his girlfriend committed a crime but he was merely present—it was that no crime was committed by anybody). (*Id.* at 14-17.) Sixth, the R&R concludes that the *Brady* claim in Ground Three fails because it is vague and undeveloped. (*Id.* at 17-18.)

B. **Legal Standard**

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

C.     **Analysis**

Petitioner has filed 16 pages of written objections to the R&R. (Doc. 18.) Notably absent are any specific objections to the R&R's reasons for concluding that the Petition should be denied and dismissed with prejudice. Instead, Petitioner simply reasserts many of the same arguments he presented to the magistrate judge, without explaining why the magistrate judge's decision to reject those arguments was legally incorrect, while interspersing his filing with citations to various legal decisions. Additionally, Petitioner appears to be attempting to use his objections to develop a new argument he did not present during his direct appeal, during the PCR proceedings, or in his Petition. (*See, e.g., id.* at 4 ["Court did not establish that Native American inmates not indicted at time brief submitted in Petitioner case immigrant (refugee) were treated differently when Native American were eventually prosecuted and Defendant could not establish they were[] similarly situated . . . ."].) For these reasons, Respondents argue that Petitioner's objections are too general to trigger any right of review under Rule 72. (Doc. 24.)

Respondents are correct. Petitioner's general objections to the R&R leave the Court with nothing to review. Thus, the Court will adopt the R&R's recommendation that the Petition be denied and dismissed with prejudice.

II.    The Motion To Expand

As noted, Petitioner filed a motion (entitled "Rule 6 Motion for Leave of Cou[r]t to Expand the Record") while his Petition was pending. (Doc. 15.) Although not a model of clarity, it appears to request an order compelling the state to conduct testing to determine whether Petitioner's girlfriend's DNA and/or fingerprints appear on the gun. (*Id.* at 5.)

The R&R addresses this motion and recommends that it be denied. (Doc. 17 at 18-19.) Specifically, the R&R concludes that Petitioner hasn't made the requisite showing to trigger a right to discovery in a habeas proceeding because (1) he hasn't established any reason to believe *Brady* evidence was withheld from him, (2) he hasn't established that the gun even remains in the possession of the state, and (3) he never requested testing during his direct appeal or during the PCR proceedings. (*Id.*)

In his objections, Petitioner appears to raise one specific challenge to the R&R's analysis of his Motion to Expand. (Doc. 18 at 7.) This challenge is difficult to follow: "Petitioner's Issa offer DNA/fingerprint testing of a firearm. State refuse testing Issa DNA/fingerprint testing of firearm his irrelevant to the issues. Because being immigrant from African—he his unversed in the criminal & civil law." (*Id.*) Yet even assuming this passage constitutes an assertion that Petitioner *did* attempt to request testing during the state-court proceedings (the absence of such a request is the third reason why the R&R concludes the Motion to Expand should be denied), and even if the Court were to overlook the absence of any evidence supporting this assertion, Petitioner still hasn't addressed the R&R's other two reasons why the Motion to Expand lacks merit. Accordingly, the Court will adopt the R&R's recommendation that the Motion to Expand be denied.

III.   Other Motions

Since the R&R was issued, Petitioner has filed four motions: (1) a "Motion to Remand" (Doc. 19); (2) a "Motion for Rule 60(b) Redeemed and Release" (Doc. 25); (3) a "Motion for Clarification Status" (Doc. 26); and (4) a filing entitled "Oppose the Motion," which the Clerk of Court has docketed as a motion for an evidentiary hearing (Doc. 28).

In the first motion, Petitioner appears to be repackaging the claim he presented in his Motion to Expand (*i.e.,* a claim that he should be allowed to pursue DNA and fingerprint testing). (Doc. 19 at 5 ["Officer not recollection of the case and needed to testify no DNA or fingerprint testing, cause to believe *Brady* material exists. Petitioner request for additional testing officer refuse. DNA or fingerprint 'not documented.'"].) This motion will be denied for the reasons set forth in the R&R pertaining to the Motion to Expand.

In the second motion, Petitioner appears to be requesting some sort of evidentiary hearing or remand, perhaps to develop new IAC theories. (Doc. 25 at 2 ["[R]easoning to be submitted after this Court denys [sic] evidentiary hearing must therefore be held to determine whether trial counsel performed reasonably with respect to the issue of [Petitioner's] competency to stand trial."].) This motion will be denied for the same

reasons as the Motion to Expand and the Motion to Remand.

In the third motion, Petitioner again appears to be requesting an evidentiary hearing, this time to develop a selective prosecution claim. (Doc. 26 at 3 ["[A]n evidentiary hearing should be held . . . . Petitioner's witnesses['] statements on Court gave unequivocal testimony supporting, supports Petitioner's to discovery to help prove a selective prosecution claim . . . ."].) This motion will be denied for the same reasons as Petitioner's other requests for remands and evidentiary hearings.

In the fourth motion, Petitioner again "request[s] this Court for an evidentiary hearing" to "help prove a selective prosecution claim." (Doc. 28 at 1, 4.) This motion fails for the same reasons as the previous one.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 18) are **overruled**.

(2) The R&R (Doc. 17) is **accepted**.

(3) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4) The Motion To Expand (Doc. 15) is **denied**.

(5) The reference to the magistrate judge is **withdrawn** as to Petitioner's "Motion to Remand" (Doc. 19), Petitioner's "Motion for Rule 60(b) Redeemed and Release" (Doc. 25), Petitioner's "Motion for Clarification Status" (Doc. 26), and Petitioner's "Oppose the Motion" (Doc. 28).

(6) Petitioner's "Motion to Remand" (Doc. 19) is **denied**.

(7) Petitioner's "Motion for Rule 60(b) Redeemed and Release" (Doc. 25) is **denied**.

(8) Petitioner's "Motion for Clarification Status" (Doc. 26) is **denied**.

(9) Petitioner's "Oppose the Motion" (Doc. 28) is **denied**.

(10) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

(11)  The Clerk shall enter judgment accordingly and terminate this action.

Dated this 14th day of May, 2020.

_____
Dominic W. Lanza
United States District Judge